**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

CONIE TAYLOR,

    Plaintiff,

v.                                                                              Case No. 19-13276

CITY OF EASTPOINTE,
MACOMB COUNTY, AND
ERIC J. SMITH,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Conie Taylor sues Defendants City of Eastpointe, Macomb County, and Eric J. Smith, Macomb County Prosecuting Attorney, under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges that Defendants violated the Fourth, Fifth, Eighth, and Fourteenth Amendments for seizing Plaintiff's vehicle, which a third-party used to drive while intoxicated. Smith moves to dismiss the claims against him. (ECF No. 6.) Plaintiff has not responded.[1] The court finds a hearing unnecessary, and for the reasons provided below, the court will grant Smith's motion. E.D. Mich. L.R. 7.1(f)(2). The claims against Smith will be dismissed.

---

[1] "Claims left to stand undefended against a motion to dismiss are deemed abandoned." *Bazinski v. JPMorgan Chase Bank*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. April 11, 2014) (citing *Mekani v. Homecomings Fin.*, 752 F.Supp.2d 785, 797 (E.D. Mich. 2010)); *see also Brown v. VHS of Mich.*, 545 Fed. App'x 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.").

## I. BACKGROUND

The following are facts as alleged in Plaintiff's complaint. In a motion to dismiss, the court accepts Plaintiff's factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court makes no finding as to their truth or falsity.

Plaintiff owned a 2009 Jeep Liberty SUV. (ECF No. 1, PageID.2, ¶ 8.) He lent the vehicle to a third-party on November 4, 2016. (*Id.*, ¶ 9.) The next day, the third-party was arrested for operating a vehicle while intoxicated by the Eastpointe Police Department. (*Id.*, PageID.3, ¶ 11.)

The vehicle was seized and delivered to a towing company. (*Id.*, PageID.4-5, ¶¶ 19-20.) Although the vehicle was correctly identified, the third-party driver was identified as the owner, despite Plaintiff having legal title. (*Id.*) On November 7, 2016, two days after the incident, the Macomb County Prosecutor's office, on behalf of Smith, filed an "Ex Parte Motion and Order for Seizure of Vehicle" in state district court. (*Id.*, PageID.6, ¶ 24.) The motion named the third-party, not Plaintiff, as owner of the vehicle. (*Id.*, PageID.5, ¶ 21.) Plaintiff was not given notice or an opportunity to be heard and a magistrate judge granted the motion. (*Id.*, PageID.6-7, ¶ 25.)

Plaintiff then filed a "Claim of Ownership and Petition for Return of Seized Vehicle" in the state district court where the third-party's operating while intoxicated ("OWI"), Mich. Comp. Laws § 257.625, charge was to be heard. (*Id.*, PageID.8, ¶ 28.) After attempting to litigate in the state district court and apparent confusion regarding the proper court to hear Plaintiff's claim, Plaintiff's was informed on December 6, 2016 that the state district court would not make a finding or enter an order in favor of Plaintiff. (*Id.*, PageID.8-9, ¶¶ 29-33.) Since then, Plaintiff's vehicle has remained in

possession of the tow company and charges now approach $10,000. (*Id.*, PageID.10, ¶ 37.)

Plaintiff's suit alleges that Defendants, including Smith, established a vehicle seizure program that wrongfully interpreted Michigan law. (*Id.*, PageID.14, ¶ 50.) Mich. Comp. Laws § 257.625n provides state authorities with power to seize vehicles used by individuals charged with OWI. Plaintiff claims the law cannot be used to impound and seize vehicles owned by someone other than the driver. (ECF No. 1, PageID.14, ¶ 50.) Plaintiff also alleges that ex parte proceedings were used without exigent circumstances, that government employees involved in the seizure were not properly trained, and that a review process to guarantee the rights of vehicle owners was not established. (*Id.*)

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) a party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining plausibility is "a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Plaintiff's factual allegations do not make out a plausible claim against Smith under § 1983. *Ashcroft*, 556 U.S. at 678. Smith is also entitled to prosecutorial immunity.

In a § 1983 suit, a plaintiff cannot allege general collective wrongdoing by a group of defendants. *Stoudemire v. Mich. Dept. of Corr.*, 705 F.3d 560, 570 (6th Cir. 2013) ("The district court did not mention any facts in the record that specifically pertained to [defendant], nor did the court make any findings regarding [defendant's] knowledge or mental state."). "[E]ach defendant's liability must be assessed individually based on his own actions." *Pollard v. City of Columbus*, 780 F.3d 395, 402 (6th Cir. 2015) (quoting *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010)). Plaintiff bears the responsibility of pleading specific facts that tie Smith to a violation of Plaintiff's federal rights. 42 U.S.C. § 1983; *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) ("To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.").

The allegations concerning Smith and his involvement in the seizure of Plaintiff's vehicle are thin. The only alleged facts relating to Smith are that he operated a vehicle seizure program as county prosecutor, a prosecutor in Smith's office filed an ex parte motion to seize Plaintiff's vehicle, which a state district court granted, the seizure motion and order failed to identify Plaintiff as the proper owner, and a hold on Plaintiff's vehicle

4

is still in effect. (ECF No. 1, PageID.6-9, ¶¶ 24-31.) From this, Plaintiff claims Smith failed to adequately train and supervise his subordinates regarding the law and prosecutorial duties of seeking a vehicle seizure.

"It is well-settled that 'government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior*." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (quoting *Ashcroft*, 556 U.S. at 676). "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *McQueen v. Beecher Cmty. Schools*, 433 F.3d 460, 470 (6th Cir. 2006) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff must allege "active unconstitutional behavior on the part of the supervisor." *Peatross*, 818 F.3d at 241 (citations removed).

Simply alleging that Smith instituted a program to initiate seizure proceedings against vehicles used in OWI offenses and had a subordinate tasked to seize Plaintiff's vehicle does not state a sufficient claim for supervisory liability under § 1983. Plaintiff alleges no direct involvement on the part of Smith in the seizure proceedings of Plaintiff's car and concludes that the legal training of Smith's subordinates must have been inadequate because the subordinate allegedly committed a constitutional violation. Plaintiff does not explicitly assert that the vehicle seizure program or seizing a vehicle used for an OWI offense generally is illegal. Instead, Plaintiff claims that any program used was applied in an unconstitutional way. (ECF No. 1, PageID.13, ¶ 50 (emphasis added) ("[Defendants] caused *the operation* of said Vehicle Forfeiture Program *to be conducted* in a[n] [unconstitutional] manner.").) Nonetheless, how a program was

5

applied by an employee in a specific case, detached from higher-level decision making, is exactly the kind of harm that cannot be traced to a supervisor. Plaintiff fails to provide factual allegations detailing and permitting inferences as to how the vehicle seizure program or other supervision and training by Smith was inadequate and how inadequate training caused Plaintiff's harms. No action taken by Smith in Plaintiff's complaint amounts to "active[] participat[ion] or authoriz[ation]" in constitutional violations. *Shehee*, 199 F.3d at 300 (quoting *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988). At most, Plaintiff plausibly alleges "[Smith's] right to control employees," and possibly Smith's "simple awareness of employee[] misconduct" or Smith's "mere failure to act," all of which are insufficient to state a claim. *Ashcroft*, 556 U.S. at 678; *Hays v. Jefferson Cty.*, 668 F.2d 869, 872-74 (6th Cir. 1982); *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Shehee*, 199 F.3d at 300.

Furthermore, even if Smith committed "active unconstitutional behavior," he is entitled to absolute prosecutorial immunity. *Peatross*, 818 F.3d at 241. "[P]rosecutorial immunity shield[s] a prosecutor from suit under § 1983 for conduct 'initiating a prosecution and in presenting the State's case,' so long as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Rouse v. Stacy*, 478 Fed. App'x 945, 948 (6th Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Howell v. Sanders*, 668 F.3d 344, 349-50 (6th Cir. 2012) (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997)) ("The critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process."). Here, the extent of Smith's involvement in Plaintiff's complaint arises solely from the Macomb County Prosecutor's Office bringing

6

a seizure action against Plaintiff's vehicle. Smith's active participation allegedly brought about unconstitutional legal proceedings. Such allegations fall wholly within the category of "initiating a prosecution." They are "intimately associated with the judicial phase" and the "role [of] an advocate," whether directly or in a supervisory role. *Rouse*, 478 Fed. App'x at 948; *Howell*, 668 F.3d at 349-50. Thus, Plaintiff's claims against Smith are barred.

The court's finding conforms to the findings of the Supreme Court in *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). In *Van de Kamp*, a § 1983 plaintiff alleged that a supervisory prosecutor failed to institute an information exchange system whereby subordinate prosecutors would share information on jailhouse informants. *Id.* at 339-40. The plaintiff alleged that he was wrongly convicted based on the testimony of an informant and that prosecutors not assigned to the plaintiff's case had impeaching information on the informant. *Id.* Although the defendant supervisor's alleged actions were administrative in nature, the Court found that the plaintiff's "claims focus upon a certain kind of administrative obligation – a kind that itself is directly connected with the conduct of a trial." *Id.* at 344. The Court ruled that the plaintiff's claims were barred by prosecutorial immunity. There like here, the supervising prosecutor may have instituted a policy that, when applied, brought about a constitutional violation, but that violation took place only in the context of prosecutorial litigation and is thus entitled to immunity. *Id.*

The Sixth Circuit's opinion in *Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002) also supports the court's ruling. The plaintiff in that case alleged that federal prosecutors violated the plaintiff's constitutional rights guaranteed in the Fifth and Eighth

7

Amendment by initiating and continuing a civil forfeiture action against the plaintiff's assets. *Blakely*, 276 F.3d at 871. The court found that "[t]he prosecutor's decision not to agree to vacate a civil forfeiture judgment, just as his decision to institute the forfeiture proceedings in the first instance, is in the nature of advocacy . . . and is covered by the absolute immunity doctrine." *Id.* The court affirmed dismissal of the plaintiff's claims against the defendant prosecutors. *Id.* Likewise, Plaintiff is alleging violations of his constitutional rights based on actions taken in asset seizure litigation. While Plaintiff is legally entitled to contest the seizure of his vehicle through procedures set out in state law, he cannot sue a prosecutor or her supervisor for beginning and continuing the suit. *See generally* Mich. Comp. Laws. 257.625n (describing processes used to contest OWI vehicle seizure in state court).

## IV. CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Factual allegations included in Plaintiff's complaint do not plausible connect Smith to "active unconstitutional behavior" sufficient to establish § 1983 supervisory liability. *Ashcroft*, 556 U.S. at 678; *Peatross*, 818 F.3d at 241. Plaintiff's claims against Smith solely arise from prosecutorial litigation and thus Smith is entitled to absolute prosecutorial immunity. *Howell*, 668 F.3d at 349-50. Additionally, Plaintiff has apparently abandoned his claims through his failure to file a timely response. Accordingly,

IT IS ORDERED that Defendant Eric J. Smith's "Motion to Dismiss in Lieu of Responsive Pleadings" (ECF No. 6) is GRANTED. Plaintiff's claims against Smith are DISMISSED.

                                                    s/Robert H. Cleland              /
                                                    ROBERT H. CLELAND
                                                    UNITED STATES DISTRICT JUDGE

Dated: February 7, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 7, 2020, by electronic and/or ordinary mail.

                                                    s/Lisa Wagner                 /
                                                    Case Manager and Deputy Clerk
                                                    (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-13276.TAYLOR.MotiontoDismiss.RMK.2.docx