UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CONIE TAYLOR,

           Plaintiff,

v.                                                      Case No. 19-13276

CITY OF EASTPOINTE, et al.,

           Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND TERMINATING AS MOOT PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Conie Taylor sues Defendants City of Eastpointe and Macomb County pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff's complaint alleges that Defendants violated the Fourth, Fifth, Eighth, and Fourteenth Amendments for seizing Plaintiff's vehicle, which a third-party used to drive while intoxicated.

Before the court are two Motions for Summary Judgment filed by Defendant Eastpointe (ECF No. 28) and Defendant Macomb County. (ECF No. 31.) Defendants filed these motions on September 23, 2021, and September 30, 2021, respectively. Time has gone by, and in spite of numerous extensions sought and granted, as detailed below, the motions have drawn no opposition nor a relevant response of any kind. Plaintiff has forfeited his right to challenge the motions, and they will be granted accordingly.

Generally, a party must file a response to a dispositive motion within 21 days after service of the motion. E.D. Mich. L.R. 7.1(e)(2)(A). On October 18, 2021, the parties stipulated that Plaintiff would be permitted extra time to file his responses; the court accepted the stipulation and extended the deadline to October 28, 2021. (ECF No.

32.) The agreed deadline silently passed, however, and there commenced a series of requests for extension, *viz*.,

November 2, 2021: the court granted Plaintiff's request for an extension of the October 28 deadline. Plaintiff was required to file his responses by November 11, 2021. He did not.

November 18, 2021: Plaintiff filed a motion for an extension of time to file his responses, citing problems with his computer, scheduling, and staffing. (ECF No. 33.) The motion was granted, and the Plaintiff was given an additional seven weeks. He was required to respond by January 6, 2022. He did not.

Plaintiff's counsel contacted the court on January 6, 2022, and again requested an extension of time. The court granted the request and set a new deadline requiring Plaintiff to file a response by January 20, 2022. He did not.

On the day the responses were due, Plaintiff requested an additional four days to file them. The court agreed and extended the deadline until January 24, 2022. No response was filed.

On January 25, 2022, via phone call, Plaintiff asked that the court grant yet additional time to file responses to Defendants' motions. This would be the sixth extension. The court granted the request, but made very clear that it would be the final extension. The court's order expressly stated that if "no response is submitted by such date, the court will proceed to review Defendants' motions as unopposed." (*Id.*, PageID.357.) Plaintiff was required to present a response by February 2, 2022. (ECF

2

No. 35.) In the eleven weeks since that last deadline passed, no response has been filed.[1]

To prevail on a motion for summary judgment, a movant must show—point out—that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). First, the moving party bears the initial burden of presentation that "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no requirement, however, that the moving party "support its motion with [evidence] . . . negating the opponent's claim." *Id.* (emphasis removed); see also *Emp'rs Ins. of Wausau v. Petrol. Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995).

Second, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis removed) (quoting Fed. R. Civ. P. 56(e)). This requires more than a "mere existence of a scintilla of evidence" or "'[t]he mere possibility' of a factual dispute." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). For a court to deny summary judgment, "the evidence [must be] such that a reasonable [finder of fact] could return a

---

[1]    On February 22, 2022, twenty days after the response deadline, Plaintiff brought a "Motion to Strike" Exhibit I of Defendant Eastpointe's motion for summary judgment and paragraphs 34 through 38 of its statement of facts. (ECF No. 36.) Plaintiff argues that Defendant Eastpointe cannot rely on a particular state court's order in its statement of facts because the state court determined that it lacked jurisdiction. (ECF No. 36, PageID.359.) Even if the court accepted this as true and granted Plaintiff's motion, it is immaterial to the court's resolution of Defendants' motions. In fact, Defendant Eastpointe does not even cite to Exhibit I in its legal analysis. Because the court will grant Defendants' motions for summary judgment without relying on the allegedly inappropriate information, it will terminate as moot Plaintiff's motion to strike.

verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. All reasonable inferences from the underlying facts must be drawn "in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015).

Defendants Eastpointe and Macomb County met their initial burden by demonstrating that there was an absence of a genuine dispute of material fact, and each of them advanced thorough analyses as to why they are entitled to judgment as a matter of law.[2] For example, both Defendants maintain that Plaintiff is unable to establish *Monell* liability for purposes of his § 1983 claim.[3] *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

Indeed, because Defendants are local governmental bodies, Plaintiff is required to show that a policy or custom of Defendants caused the violation of his rights, and he

---

[2] Count I of Plaintiff's complaint—the only other count brought by Plaintiff—challenges the constitutionality of the Michigan's vehicle forfeiture statute, Mich. Comp. Laws § 257.625n. As Defendant Eastpointe notes, to properly raise such a challenge, "Plaintiff is required to provide notice to the Attorney General for the State of Michigan." (ECF No. 28, PageID.235 (citing 28 U.S.C. § 2403, Fed. R. Civ. P. 5.1).) Plaintiff has not done so. In any event, Plaintiff has refused to answer any of Defendant's discovery requests relating to these allegations, and his only explanation is that an amended complaint, "which will be filed," would omit the allegations that the statute is unconstitutional. (ECF No. 28-11, PageID.303.) Although no amended complaint has been filed, it appears Plaintiff intended to abandon this claim, and he has not advanced any arguments to show otherwise.

[3] Defendant Eastpointe makes several arguments regarding the underlying merits of each of the alleged constitutional violations. The court need not address them, though, as Plaintiff has failed entirely to proffer any admissible evidence or legal argument to contradict the analyses supporting the entry of summary judgment for Defendants.

4

must specifically "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). As explained by the Sixth Circuit:

> There are four methods of showing the municipality had such a policy or custom: the plaintiff may prove "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."

*Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). Although the policy need not be formal, it still must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *See Monell*, 436 U.S. at 691; *Grabow v. Cty. of Macomb*, 580 F. App'x 300, 311 (6th Cir. 2014) (citing *Monell* and explaining that a county could not be liable unless there was an underlying unconstitutional act "due to a policy or custom of the municipality").

To be sure, Plaintiff alleges in his complaint that Defendants, "through their acts, policies, practices, customs and procedures and their failure to adequately train and supervise their officers, agents and employees," caused a violation of Plaintiff's Fourth, Fifth, Eight, and Fourteenth Amendment rights, particularly through Defendants' implementation of a "Vehicle Forfeiture Program."[4] (ECF No. 1, PageID.13.) But, at this stage of summary judgment, Plaintiff bears the burden of bringing forth admissible

---

[4] Defendant Eastpointe also argues, in essence, that any formal policy regarding the Vehicle Forfeiture Program was the Macomb County Prosecutor's, not Defendant Eastpointe's, and the program was carried out pursuant to the orders of the state court. (ECF No. 28, PageID.223.)

evidence establishing that the program is constitutionally flawed via one of the methods delineated by the Sixth Circuit. Defendant Eastpointe contends that Plaintiff "has conducted no discovery regarding the training of Eastpointe Police officers," nor has he deposed a supervisory official, a training officer, or an individual police officer regarding the training provided." (ECF No. 28, PageID.222-23.) Indeed, Defendant Eastpointe correctly points out that there "is no evidence regarding the type, quantity, or quality of the training programs and no evidence of a pattern of constitutional deprivations arising out of training or the lack thereof" before the court. (*Id.*, PageID.223.) Defendant Macomb County makes similar arguments, noting that there is no evidence (1) showing any constitutionally flawed training program; (2) identifying any prosecuting attorney whose training "directly resulted in the allegedly unlawful seizure of Plaintiff's vehicle"; or (3) establishing a causal connection between Plaintiff's loss of his vehicle and a municipal policy, especially where "the vehicle was not actually subjected to forfeiture proceedings." (ECF No. 31, PageID.325.)

Thus, Defendants have met their burden at the summary judgment stage. Plaintiff, on the other hand, has not made an attempt to do so. As the nonmoving party, Plaintiff was required to bring forth evidence that would allow a reasonable finder of fact to return a verdict in his favor. *Matsushita*, 475 U.S. 574 at 587. And where the record "could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial,'" and summary judgment is warranted. *Id.* (citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968). In determining whether a genuine dispute of material fact exists, "the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that

6

are part of the record." *Brown v. Chapman*, 814 F.3d 447, 464 (6th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). Here, Plaintiff has presented nothing to the court. Accordingly,

IT IS ORDERED that Defendant Eastpointe's "Motion for Summary Judgment" (ECF No. 28) and Defendant Macomb County's "Amended Motion for Summary Judgment" (ECF No. 31) are GRANTED. A separate judgment will issue.

IT IS FURTHER ORDERED that Plaintiff's "Motion to Strike" (ECF No. 36) is TERMINATED AS MOOT.

                s/Robert H. Cleland     /
                ROBERT H. CLELAND
                UNITED STATES DISTRICT JUDGE

Dated:  April 25, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 25, 2022, by electronic and/or ordinary mail.

                s/Lisa Wagner      /
                Case Manager and Deputy Clerk
                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-13276.TAYLOR.GrantingSummaryJudgment.MAZ.RHC.docx